**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PAR PHARMACEUTICAL, INC., PAR
STERILE PRODUCTS, LLC, and ENDO
PAR INNOVATION COMPANY, LLC,

               Plaintiffs,

      v.

FRESENIUS KABI USA, LLC,

               Defendant.

C.A. No. 19-1985-CFC

**DEFENDANT FRESENIUS KABI USA, LLC'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

      Defendant Fresenius Kabi USA, LLC ("Fresenius" or "Defendant") hereby submits its

Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by Plaintiffs Par

Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC

(collectively, "Par" or "Plaintiffs").

**<u>ANSWER TO COMPLAINT</u>**

      Each of the paragraphs below corresponds to the same-numbered paragraphs in the

Complaint.  Fresenius denies all allegations in the Complaint, whether express or implied,

including any allegations or legal conclusions made in headings within the Complaint, that are

not specifically admitted below.  Any factual allegation below is admitted only as to the specific

admitted facts, not as to any purported conclusions, characterizations, implications or

speculations that arguably follow from the admitted facts.  Fresenius bases its responses on its

knowledge as to its own activities and on information and belief as to the activities of others. Fresenius denies that Plaintiffs are entitled to the relief requested or any other relief.

Fresenius, through its attorneys, answers as follows:

## THE PARTIES

1.      Fresenius is without information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the same.

2.      Fresenius is without information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies the same.

3.      Fresenius is without information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies the same.

4.      Fresenius admits that Fresenius Kabi USA, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at Three Corporate Drive, Lake Zurich, Illinois 60047.  Fresenius admits that it develops, manufactures, and markets pharmaceutical products and devices for sale throughout the United States.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

## NATURE OF THE ACTION

5.      Paragraph 5 states a legal conclusion to which no response is required.  To the extent a response is required, Fresenius admits that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 §§ 101 *et seq*., and alleges infringement of United States Patent Nos. 9,375,478 ("the '478 Patent"); 9,687,526 ("the '526 Patent"); 9,744,209 ("the '209 Patent"); 9,750,785 ("the '785 Patent"); and 9,937,223 ("the '223 Patent") (collectively, "the Patents-in-Suit").  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

## JURISDICTION AND VENUE

6.      Paragraph 6 states a legal conclusion to which no response is required.  To the extent that a response is required, Fresenius admits that, to the extent Par has standing to assert claims of infringement of the Patents-in-Suit, this Court has subject matter jurisdiction based upon the statutes cited for claims asserted against Fresenius under 35 U.S.C. § 271.  Fresenius denies that Plaintiffs have properly stated a claim or are entitled to any relief.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

7.      Paragraph 7 states a legal conclusion to which no response is required.  To the extent a response is required, Fresenius does not contest personal jurisdiction solely for the limited purposes of this particular action.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

8.      Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, Fresenius does not contest venue solely for the limited purposes of this particular action.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

## THE DRUG APPROVAL PROCESS

9.      Paragraph 9 states a legal conclusion to which no response is required.  Fresenius admits that FDA approval is required to market a new pharmaceutical drug in the United States and the FDA maintains the *Approved Drug Products with Therapeutic Equivalence Evaluations*, which is referred to as the "Orange Book."  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

10.     Paragraph 10 states a legal conclusion to which no response is required.  Fresenius admits that a company seeking to market a generic version of a drug may submit to the FDA an Abbreviated New Drug Application ("ANDA") showing the generic version to be

bioequivalent to a previously approved drug.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

11.     Paragraph 11 states a legal conclusion to which no response is required. Fresenius admits that Congress has enacted a statutory scheme that allows parties to resolve patent disputes related to generic drugs and that the statute requires ANDA filers to file certifications with respect to each patent listed in the Orange Book.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

12.     Paragraph 12 states a legal conclusion to which no response is required. Fresenius admits that an ANDA filer must provide notice to the patent owner and NDA holder of any Paragraph IV Certifications, and the notice must include a detailed statement of the factual and legal bases for applicant's belief that the challenged patents are invalid or not infringed by the proposed generic product.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

13.     Paragraph 13 states a legal conclusion to which no response is required. Fresenius admits that the statute provides for a 30-month stay of FDA approval in certain circumstances.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

## FACTUAL BACKGROUND

### The Patents-In-Suit

14.     Fresenius admits that according to the face of United States Patent No. 9,375,478, the '478 Patent issued on June 28, 2016, is titled "Vasopressin Formulations For Use in Treatment of Hypotension," and lists Par Pharmaceutical, Inc. as the assignee.  Fresenius further admits that what purports to be a copy of the '478 Patent is attached to the Complaint as Exhibit A.  The remaining allegations in paragraph 14 state a legal conclusion to which no response is

required.  To the extent a response is required, Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies the same.

15.     Fresenius admits that according to the face of United States Patent No. 9,687,526, the '526 Patent issued on June 27, 2017, is titled "Vasopressin Formulations For Use in Treatment of Hypotension," and lists Par Pharmaceutical, Inc. as the assignee.  Fresenius further admits that what purports to be a copy of the '526 Patent is attached to the Complaint as Exhibit B.  The remaining allegations in paragraph 15 state a legal conclusion to which no response is required.  To the extent a response is required, Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies the same.

16.     Fresenius admits that according to the face of United States Patent No. 9,744,209, the '209 Patent issued on August 29, 2017, is titled "Vasopressin Formulations For Use in Treatment of Hypotension," and lists Par Pharmaceutical, Inc. as the assignee.  Fresenius further admits that what purports to be a copy of the '209 Patent is attached to the Complaint as Exhibit C.  The remaining allegations in paragraph 16 state a legal conclusion to which no response is required.  To the extent a response is required, Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17.     Fresenius admits that according to the face of United States Patent No. 9,750,785, the '785 Patent issued on September 5, 2017, is titled "Vasopressin Formulations For Use in Treatment of Hypotension," and lists Par Pharmaceutical, Inc. as the assignee.  Fresenius further admits that what purports to be a copy of the '785 Patent is attached to the Complaint as Exhibit

D.  The remaining allegations in paragraph 17 state a legal conclusion to which no response is required.  To the extent a response is required, Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies the same.

18.    Fresenius admits that according to the face of United States Patent No. 9,937,223, the '223 Patent issued on April 10, 2018, is titled "Vasopressin Formulations For Use in Treatment of Hypotension," and lists Par Pharmaceutical, Inc. as the assignee.  Fresenius further admits that what purports to be a copy of the '223 Patent is attached to the Complaint as Exhibit E.  The remaining allegations in paragraph 18 state a legal conclusion to which no response is required.  To the extent a response is required, Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies the same.

19.    Fresenius is without information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the same.

**VASOSTRICT®**

20.    Fresenius admits that Vasopressin is the active ingredient in VASOSTRICT®. Fresenius further admits that the VASOSTRICT® label states that it is indicated to increase blood pressure in adults with vasodilatory shock (*e.g.*, post-cardiotomy or sepsis) who remain hyposensitive despite fluids and catecholamines. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

21.    Upon information and belief, Fresenius admits that JHP Pharmaceuticals ("JHP") submitted NDA No. 204485 on September 25, 2012.  Upon information and belief Fresenius admits that on April 17, 2014, the FDA approved NDA 204485.  Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21

and therefore denies the same.

22.　　Fresenius is without information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies the same.

23.　　Upon information and belief admitted.

24.　　Upon information and belief admitted.

25.　　Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies the same.

26.　　 Fresenius admits that the VASOSTRICT® label states that it is indicated to increase blood pressure in adults with vasodilatory shock (*e.g.*, post-cardiotomy or sepsis) who remain hypotensive despite fluids and catecholamines.  Fresenius is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies the same.

**Fresenius's Generic Vasopressin Injection Product**

27.　　Fresenius admits that it submitted ANDA No. 213205 to the FDA pursuant to 35 U.S.C. §355(j), seeking approval to market Vasopressin Injection USP, 200 units/10 mL (20 units/mL) product. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

28.　　Fresenius admits that it sent Plaintiffs a Notice of Paragraph IV Certification stating that Fresenius had submitted ANDA No. 213205 on September 6, 2019. The Notice of Paragraph IV Certification speaks for itself.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

29.　　Fresenius admits that it sent Plaintiffs a Notice of Paragraph IV Certification regarding Fresenius's ANDA No. 213205.  The Notice of Paragraph IV Certification speaks for itself.  To the extent there are further allegations in this paragraph not addressed by the

foregoing, Fresenius denies them.

30.     Fresenius admits that it submitted ANDA No. 213206 to the FDA pursuant to 35 U.S.C. §355(j), seeking approval to market Vasopressin Injection USP, 20 units/1 mL (20 units/mL) product. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

31.     Fresenius admits that it sent Plaintiffs a Notice of Paragraph IV Certification stating that Fresenius had submitted ANDA No. 213206 on September 6, 2019. The Notice of Paragraph IV Certification speaks for itself.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

32.     Fresenius admits that it sent Plaintiffs a Notice of Paragraph IV Certification regarding Fresenius's ANDA No. 213206.  The Notice of Paragraph IV Certification speaks for itself.  To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

33.     Fresenius is without information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies the same.

### COUNT I:
### INFRINGEMENT OF THE '478 PATENT (FRESENIUS ANDA NO. 213205)

34.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-33 as if fully set forth herein.

35.     Fresenius denies the allegations of Paragraph 35.

36.     Fresenius denies the allegations of Paragraph 36.

37.     Fresenius denies the allegations of Paragraph 37.

38.     Fresenius denies the allegations of Paragraph 38.

39.     Fresenius denies the allegations of Paragraph 39.

40.     Fresenius admits that it is aware of the existence of the '478 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

41.     Fresenius denies the allegations of Paragraph 41.

**COUNT II:**
**INFRINGEMENT OF THE '526 PATENT (FRESENIUS ANDA NO. 213205)**

42.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-41 as if fully set forth herein.

43.     Fresenius denies the allegations of Paragraph 43.

44.     Fresenius denies the allegations of Paragraph 44.

45.     Fresenius denies the allegations of Paragraph 45.

46.     Fresenius denies the allegations of Paragraph 46.

47.     Fresenius denies the allegations of Paragraph 47.

48.     Fresenius admits that it is aware of the existence of the '526 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

49.     Fresenius denies the allegations of Paragraph 49.

**COUNT III:**
**INFRINGEMENT OF THE '209 PATENT (FRESENIUS ANDA NO. 213205)**

50.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-49 as if fully set forth herein.

51.     Fresenius denies the allegations of Paragraph 51.

52.     Fresenius denies the allegations of Paragraph 52.

53.     Fresenius denies the allegations of Paragraph 53.

54.     Fresenius denies the allegations of Paragraph 54.

55.     Fresenius denies the allegations of Paragraph 55.

56.     Fresenius admits that it is aware of the existence of the '209 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

57.     Fresenius denies the allegations of Paragraph 57.

**COUNT IV:**
**INFRINGEMENT OF THE '785 PATENT (FRESENIUS ANDA NO. 213205)**

58.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-57 as if fully set forth herein.

59.     Fresenius denies the allegations of Paragraph 59.

60.     Fresenius denies the allegations of Paragraph 60.

61.     Fresenius denies the allegations of Paragraph 61.

62.     Fresenius denies the allegations of Paragraph 62.

63.     Fresenius denies the allegations of Paragraph 63.

64.     Fresenius admits that it is aware of the existence of the '785 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

65.     Fresenius denies the allegations of Paragraph 65.

**COUNT V:**
**INFRINGEMENT OF THE '223 PATENT (FRESENIUS ANDA NO. 213205)**

66.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-65 as if fully set forth herein.

67.     Fresenius denies the allegations of Paragraph 67.

68.     Fresenius denies the allegations of Paragraph 68.

69.     Fresenius denies the allegations of Paragraph 69.

70.     Fresenius denies the allegations of Paragraph 70.

71.     Fresenius denies the allegations of Paragraph 71.

72.     Fresenius admits that it is aware of the existence of the '223 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

73.     Fresenius denies the allegations of Paragraph 73.

## COUNT VI:
## INFRINGEMENT OF THE '478 PATENT (FRESENIUS ANDA NO. 213206)

74.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-73 as if fully set forth herein.

75.     Fresenius denies the allegations of Paragraph 75.

76.     Fresenius denies the allegations of Paragraph 76.

77.     Fresenius denies the allegations of Paragraph 77.

78.     Fresenius denies the allegations of Paragraph 78.

79.     Fresenius denies the allegations of Paragraph 79.

80.     Fresenius admits that it is aware of the existence of the '478 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

81.     Fresenius denies the allegations of Paragraph 81.

## COUNT VII:
## INFRINGEMENT OF THE '526 PATENT (FRESENIUS ANDA NO. 213206)

82.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-81 as if fully set forth herein.

83.     Fresenius denies the allegations of Paragraph 83.

84.     Fresenius denies the allegations of Paragraph 84.

85.     Fresenius denies the allegations of Paragraph 85.

86.     Fresenius denies the allegations of Paragraph 86.

87.     Fresenius denies the allegations of Paragraph 87.

88.     Fresenius admits that it is aware of the existence of the '526 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

89.     Fresenius denies the allegations of Paragraph 89.

**COUNT VIII:**
**INFRINGEMENT OF THE '209 PATENT (FRESENIUS ANDA NO. 213206)**

90.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-89 as if fully set forth herein.

91.     Fresenius denies the allegations of Paragraph 91.

92.     Fresenius denies the allegations of Paragraph 92.

93.     Fresenius denies the allegations of Paragraph 93.

94.     Fresenius denies the allegations of Paragraph 94.

95.     Fresenius denies the allegations of Paragraph 95.

96.     Fresenius admits that it is aware of the existence of the '209 Patent. To the extent there are further allegations in this paragraph not addressed by the foregoing, Fresenius denies them.

97.     Fresenius denies the allegations of Paragraph 97.

**COUNT IX:**
**INFRINGEMENT OF THE '785 PATENT (FRESENIUS ANDA NO. 213206)**

98.     Fresenius repeats and incorporates by reference its responses to paragraphs 1-97 as if fully set forth herein.

99.     Fresenius denies the allegations of Paragraph 99.

100.    Fresenius denies the allegations of Paragraph 100.

101.    Fresenius denies the allegations of Paragraph 101.

102.    Fresenius denies the allegations of Paragraph 102.

103.    Fresenius denies the allegations of Paragraph 103.

104.    Fresenius admits that it is aware of the existence of the '785 Patent.  Fresenius

denies that it has willfully infringed the '785 Patent.  To the extent there are further allegations in

this paragraph not addressed by the foregoing, Fresenius denies them.

## PLAINTIFFS' PRAYER FOR RELIEF

Fresenius denies that Plaintiffs are entitled to any of the relief sought in their prayer for

relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in this Answer, Fresenius further responds to

the Complaint with the defenses set forth below.  Fresenius expressly reserves the right to

supplement this Answer, including the right to assert additional defenses as more information is

learned through discovery and further factual investigation in this case.  Fresenius does not

intend to hereby assume the burden of proof with respect to those matters as to which, pursuant

to law, Plaintiffs bear the burden of proof.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Non-infringement)

Plaintiffs have failed to allege any facts supporting its allegations of direct infringement,

induced infringement, or contributory infringement by the products that are the subject of

Fresenius's ANDA Nos. 213205 and 213206 of any valid and enforceable claim of the Patents-

in-Suit.  Fresenius is not infringing, has not infringed, and will not infringe any valid and

enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.  The

manufacture, use, offer to sell or sale in the United States, or importation into the United States,

of the products that are the subject of Fresenius's ANDA Nos. 213205 and 213206 would not

infringe any valid and enforceable claim of the Patents-in-Suit.

**THIRD AFFIRMATIVE DEFENSE**
**(Invalidity)**

One or more claims of the Patents-in-Suit are invalid because they do not comply with

one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, or

for obviousness-type double patenting.

**FOURTH AFFIRMATIVE DEFENSE**
**(Inequitable Conduct and Unclean Hands)**

Plaintiffs' claims based on the Patents-in-Suit are barred because one or more of the

Plaintiffs, the named inventors on those patents, their attorneys, representatives, predecessors in

interest, and/or other persons with a duty of candor to the PTO has unclean hands on account of

violations of the duty of candor to the PTO and misrepresentation of material facts to the PTO.  The

factual basis of the allegations in this paragraph is described below in Fresenius's counterclaims,

which are incorporated herein by reference.

**FIFTH AFFIRMATIVE DEFENSE**
**(Patent Misuse)**

To the extent Plaintiffs have engaged in anticompetitive behavior with respect to

VASOSTRICT® or any products containing vasopressin, the Patents-in-Suit are unenforceable

due to patent misuse.

## SIXTH AFFIRMATIVE DEFENSE
### (No Costs)

Plaintiffs are barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

Plaintiffs may not seek injunctive relief against Fresenius because Plaintiffs' alleged damages are not immediate or irreparable, and Plaintiffs therefore have an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (Improper Inventorship)

The claims of the '239 Patent are invalid under 35 U.S.C. § 102(f) for failing to properly name at least Sunil Vandse and Suketu Sanghvi as inventors.

## RESERVATION OF RIGHTS

Fresenius specifically reserves the right to assert each and every other defense that may become evident in the course of discovery.

## COUNTERCLAIMS

Without admitting any of Plaintiffs' allegations other than those expressly admitted herein, and without prejudice to Fresenius's rights to plead additional Counterclaims as the facts of the matter warrant, Defendant and Counterclaim-Plaintiff, Fresenius Kabi USA, LLC ("Fresenius" or "Defendant" or "Counterclaim-Plaintiff") asserts the following counterclaims against Plaintiffs and Counterclaim-Defendants Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC (collectively, "Par" or "Plaintiffs" or "Counterclaim-Defendants"):

## NATURE OF THE ACTION

1.      Fresenius repeats and incorporates by reference Paragraphs 1-105 of its Answer to Plaintiffs' Complaint.

2.      This is an action for a judgment declaring that the claims of United States Patent Nos. 9,375,478 ("the '478 Patent"); 9,687,526 ("the '526 Patent"); 9,744,209 ("the '209 Patent"); 9744,239 ("the '239 Patent"); 9,750,785 ("the '785 Patent"); and 9,937,223 ("the '223 Patent") (collectively, "the Counterclaim Patents-in-Suit") are invalid, unenforceable, and/or not infringed, either literally or under the doctrine of equivalents, by the manufacture, use, offer to sell or sale in the United States, or importation into the United States, of the vasopressin injection products described in Abbreviated New Drug Application ("ANDA") Nos. 213205 and 213206 ("Fresenius's ANDA Products").

## PARTIES

3.      Fresenius is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at Three Corporate Drive, Lake Zurich, Illinois 60047.

4.      Counterclaim-Defendant Par Pharmaceutical, Inc. ("Par Pharmaceutical") has

alleged that it is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 1 Ram Ridge Road, Chestnut Ridge, New York 10977.

5.       Counterclaim Defendant Par Sterile Products, LLC ("Par Sterile Products") has alleged that it is a limited liability company organized and existing under the laws of the State of Delaware, having its principal places of business at 1 Ram Ridge Road, Chestnut Ridge, New York 10977.

6.       Counterclaim Defendant Endo Par Innovation Company ("EPIC") has alleged that it is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1 Ram Ridge Road, Chestnut Ridge, New York 10977.

## JURISDICTION AND VENUE

7.       This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

8.       This Court has subject matter jurisdiction over the Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.       Personal jurisdiction over Counterclaim-Defendants Par Pharmaceutical, Inc., Par Sterile Products, LLC, and Endo Par Innovation Company, LLC is proper because, *inter alia*, Counterclaim-Defendants subjected themselves to this Court's personal jurisdiction by filing the Complaint in the above action in this Court.

10.       The Court has personal jurisdiction over Counterclaim-Defendants because, on information and belief, either directly or through agents, Counterclaim-Defendants transact business in, and derive substantial revenue from, Delaware.

11.       Venue is proper in this Judicial District under 28 U.S.C. §§ 1391, and by Plaintiffs' choice of forum.

## **FACTUAL BACKGROUND**

12.     United States Patent No. 9,375,478 is titled "Vasopressin Formulations for Use in Treatment of Hypotension" and states that it was issued on June 28, 2016.

13.     United States Patent No. 9,687,526 is titled "Vasopressin Formulations for Use in Treatment of Hypotension" and states that it was issued on June 27, 2017.

14.     United States Patent No. 9,744,209 is titled "Vasopressin Formulations for Use in Treatment of Hypotension" and states that it was issued on August 29, 2017.

15.     United States Patent No. 9,744,239 is titled "Vasopressin Formulations for Use in Treatment of Hypotension" and states that it was issued on August 29, 2017.  A true and correct copy of the '239 Patent is attached as Exhibit 1.

16.     United States Patent No. 9,750,785 is titled "Vasopressin Formulations for Use in Treatment of Hypotension" and states that it was issued on September 5, 2017.

17.     United States Patent No. 9,937,223 is titled "Vasopressin Formulations for Use in Treatment of Hypotension" and states that it was issued on April 10, 2018.

18.     The '209, '785, '478, '526, and '239 Patents are listed in Approved Drug Products with Therapeutic Evaluations ("the Orange Book") for New Drug Application ("NDA") No. 204485 for Vasopressin Injection USP, 20 units/mL in 1 mL vials, which is marketed in the United States under the trade name VASOSTRICT®.

19.     The '209, '785, '478, '526,'239, and '223 Patents are listed in the Orange Book for NDA No. 204485 for Vasopressin Injection USP, 200 units/10 mL in 10 mL multi-dose vials, which is also marketed in the United States under the trade name VASOSTRICT®.

20.     Counterclaim Defendant Par Pharmaceutical, Inc. has alleged that it is the owner of the '209, '785, '478, '526, and '223 Patents by assignment.

21.     Counterclaim Defendant Par Pharmaceutical, Inc. is listed as the assignee on the

face of the '239 Patent.

22.     Fresenius submitted ANDA No. 213205 (the "Fresenius Multi-Dose ANDA") to the FDA pursuant to 21 U.S.C. § 355(j) seeking approval for the commercial manufacture, use, or sale in the United States of Vasopressin Injection USP, 200 units/10 mL (20 units/mL) product.  The Fresenius Multi-Dose ANDA includes a certification under § 505(j)(2)(A)(vii)(IV) of the Federal, Food, Drug and Cosmetic Act ("FDCA") that the '209, '785, '478, '526,'239, and '223 Patents are invalid and/or will not be infringed by the Fresenius Multi-Dose ANDA Product.

23.     Fresenius sent notice of that certification to Counterclaim-Defendants on or about September 6, 2019 ("Fresenius's Notice Letter").  Fresenius's Notice Letter included a detailed statement of the factual and legal bases for Fresenius's opinion that the patents-in-suit are invalid, unenforceable, or will not be infringed by the commercial manufacture, use, or sale of the Fresenius Multi-Dose ANDA product.  Upon information and belief, and as Counterclaim-Defendants allege in their Complaint, Counterclaim-Defendants received Fresenius's Notice Letter.

24.     Fresenius submitted ANDA No. 213206 (the "Fresenius Single-Dose ANDA") to the FDA pursuant to 21 U.S.C. § 355(j) seeking approval for the commercial manufacture, use, or sale in the United States of Vasopressin Injection USP, 20 units/1 mL (20 units/mL) product. The Fresenius Single-Dose ANDA includes a certification under § 505(j)(2)(A)(vii)(IV) of the FDCA that the '209, '785, '478, '526, and '239 Patents are invalid and/or will not be infringed by the Fresenius Single-Dose ANDA Product.

25.     Fresenius sent notice of that certification to Counterclaim-Defendants on or about September 6, 2019. Fresenius's Notice Letter included a detailed statement of the factual and

legal bases for Fresenius's opinion that the patents-in-suit are invalid, unenforceable, or will not be infringed by the commercial manufacture, use, or sale of the Fresenius Single-Dose ANDA product.  Upon information and belief, and as Counterclaim-Defendants allege in their Complaint, Counterclaim-Defendants received Fresenius's Notice Letter.

26.     On October 18, 2019, Counterclaim-Defendants filed this lawsuit alleging infringement of the '209, '785, '478, '526, and '223 Patents.

27.     As a consequence of the '785,'209, '478, '526, '239, and '223 Patents being listed in the Orange Book for VASOSTRICT®; Fresenius's filing of ANDA Nos 213205 and 213206 with a certification pursuant to § 505(j)(2)(A)(vii)(IV) of the FDCA regarding these patents; and Plaintiffs' allegations of infringement of the '785,'209, '478, '526, and '223 Patents against Fresenius by Plaintiffs in their Complaint there is an actual and justiciable controversy as to the infringement and validity of the '785,'209, '478, '526, '239, and '223 Patents.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**COUNTERCLAIM I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '478 PATENT**
**(FRESENIUS'S ANDA NO. 213205)**

28.     Fresenius repeats and incorporates by reference Paragraphs 1-27 of this Counterclaim as if fully set forth herein.

29.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '478 Patent.

30.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Multi-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '478 Patent, either literally or under the doctrine of equivalents.

31.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '478 Patent, either literally or under the doctrine of equivalents, and that

Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Multi-Dose ANDA Product would not directly infringe any claim of the '478 Patent, either literally or under the doctrine of equivalents.

32.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

**COUNTERCLAIM II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '478 PATENT**
**(FRESENIUS'S ANDA NO. 213206)**

33.     Fresenius repeats and incorporates by reference Paragraphs 1-32 of this Counterclaim as if fully set forth herein.

34.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '478 Patent.

35.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Single-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '478 Patent, either literally or under the doctrine of equivalents.

36.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '478 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Single-Dose ANDA Product would not directly infringe any claim of the '478 Patent, either literally or under the doctrine of equivalents.

37.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM III
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '478 PATENT

38.     Fresenius repeats and incorporates by reference Paragraphs 1-37 of this Counterclaim as if fully set forth herein.

39.     The claims of the '478 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double patenting.

40.     Fresenius's Notice Letter contains explanations sufficient to show that the claims of the '478 Patent are invalid.

41.     By way of example, and without limitation, each claim of the '478 Patent is invalid under at least 35 U.S.C. § 103 in light of at least Lithuanian Patent No. 4487 B ("LT '487"); the label for the prior art product Pitressin® ("Pitressin® Label"); Martin et al., "Ch. 10: Buffers and Buffered Isotonic Systems," in *Physical Pharmacy* (1969) ("Martin"); Flynn, G.L., "Buffers—pH control within pharmaceutical systems," *PDA Journal of Pharmaceutical Science and Technology* 34:139-62 (1980) ("Flynn"); Dunser, et al., "Cardiac performance during vasopressin infusion in postcardiotomy shock," *Intensive Care Medicine* 28:746-751 (2002) ("Dunser"); Russell, et al., "Vasopressin Versus Norepinephrine Infusion in Patients with Septic Shock," *N. Engl. J. Med.* 358:877-87 (2008) ("Russell"); Argenziano, et al., "A prospective Randomized Trial of Arginine Vasopressin in the Treatment of Vasodilatory Shock after Left Ventricular Assist Device Placement," Circulation 96 (9 Suppl):II-286-90 (1997) ("Argenziano 1997"); Argenziano, et al., Arginine Vasopressin in the Management of Vasodilatory Hypertension after Cardiac Transplantation," The Journal of Heart and Lung Transplantation, 18(8):814-17 (1999) ("Argenziano 1999"); Malay, et al. , "Low-dose Vasopressin in the Treatment of Vasodilatory Septic Shock," J Trauma, 47(4):699-703 (1999) ("Malay"); and/or

Patel, et al., "Beneficial Effects of Short-Term Vasopressin Infusion During Severe Septic Shock," Anesthesiology, 96(3):576-82 (2002) ("Patel").

42.     An actual and justiciable controversy exists between Fresenius and Counterclaim-Defendants concerning the invalidity of the '478 Patent.

43.     Fresenius is entitled to a judicial declaration that each and every claim of the '478 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double patenting.

44.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '526 PATENT
## (FRESENIUS'S ANDA NO. 213205)

45.     Fresenius repeats and incorporates by reference Paragraphs 1-44 of this Counterclaim as if fully set forth herein.

46.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '526 Patent.

47.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Multi-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '526 Patent, either literally or under the doctrine of equivalents.

48.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '526 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Multi-Dose ANDA Product would not directly infringe any claim of the '526 Patent, either literally or under the doctrine of equivalents.

49.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

**COUNTERCLAIM V**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '526 PATENT**
**(FRESENIUS'S ANDA NO. 213206)**

50.     Fresenius repeats and incorporates by reference Paragraphs 1-49 of this Counterclaim as if fully set forth herein.

51.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '526 Patent.

52.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Single-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '526 Patent, either literally or under the doctrine of equivalents.

53.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '526 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Single-Dose ANDA Product would not directly infringe any claim of the '526 Patent, either literally or under the doctrine of equivalents.

54.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

**COUNTERCLAIM VI**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '526 PATENT**

55.     Fresenius repeats and incorporates by reference Paragraphs 1-54 of this Counterclaim as if fully set forth herein.

56.     The claims of the '526 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double patenting.

57.     Fresenius's Notice Letter contains explanations sufficient to show that the claims of the '526 Patent are invalid.

58.     By way of example, and without limitation, each claim of the '526 Patent is invalid under at least 35 U.S.C. § 103 in light of at least LT '487, the Pitressin® Label, Martin, Flynn, Dunser, Russell, Argenziano 1997, Argenziano 1999, Malay, and/or Patel.

59.     An actual and justiciable controversy exists between Fresenius and Counterclaim-Defendants concerning the invalidity of the '526 Patent.

60.     Fresenius is entitled to a judicial declaration that each and every claim of the '526 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double patenting.

61.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

**COUNTERCLAIM VII**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '209 PATENT**
**(FRESENIUS'S ANDA NO. 213205)**

62.     Fresenius repeats and incorporates by reference Paragraphs 1-61 of this Counterclaim as if fully set forth herein.

63.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '209 Patent.

64.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Multi-Dose ANDA Product would not directly infringe any valid and enforceable claim of the

'209 Patent, either literally or under the doctrine of equivalents.

65.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '209 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Multi-Dose ANDA Product would not directly infringe any claim of the '209 Patent, either literally or under the doctrine of equivalents.

66.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM VIII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '209 PATENT
## (FRESENIUS'S ANDA NO. 213206)

67.     Fresenius repeats and incorporates by reference Paragraphs 1-66 of this Counterclaim as if fully set forth herein.

68.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '209 Patent.

69.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Single-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '209 Patent, either literally or under the doctrine of equivalents.

70.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '209 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Single-Dose ANDA Product would not directly infringe any claim of the '209 Patent, either literally or under the doctrine of equivalents.

71.     Fresenius is entitled to an award of costs and expenses, including reasonable

attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C.

§ 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM IX
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '209 PATENT

72.     Fresenius repeats and incorporates by reference Paragraphs 1-71 of this

Counterclaim as if fully set forth herein.

73.     The claims of the '209 Patent are invalid for failure to comply with one or more

requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double

patenting.

74.     Fresenius's Notice Letter contains explanations sufficient to show that the claims

of the '209 Patent are invalid.

75.     By way of example, and without limitation, each claim of the '209 Patent is

invalid under at least 35 U.S.C. § 103 in light of at least LT '487, the Pitressin® Label, Dunser,

and/or Russell.

76.     An actual and justiciable controversy exists between Fresenius and Counterclaim-

Defendants concerning the invalidity of the '209 Patent.

77.     Fresenius is entitled to a judicial declaration that each and every claim of the '209

Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102,

103, or 112, and/or for obviousness-type double patenting.

78.     Fresenius is entitled to an award of costs and expenses, including reasonable

attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions

of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM X
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '239 PATENT
## (FRESENIUS'S ANDA NO. 213205)

79.     Fresenius repeats and incorporates by reference Paragraphs 1-78 of this Counterclaim as if fully set forth herein.

80.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '239 Patent.

81.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Multi-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '239 Patent, either literally or under the doctrine of equivalents.

82.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '239 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Multi-Dose ANDA Product would not directly infringe any claim of the '239 Patent, either literally or under the doctrine of equivalents.

83.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM XI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '239 PATENT
## (FRESENIUS'S ANDA NO. 213206)

84.     Fresenius repeats and incorporates by reference Paragraphs 1-83 of this Counterclaim as if fully set forth herein.

85.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '239 Patent.

86.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Single-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '239 Patent, either literally or under the doctrine of equivalents.

87.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '239 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Single-Dose ANDA Product would not directly infringe any claim of the '239 Patent, either literally or under the doctrine of equivalents.

88.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

**COUNTERCLAIM XII**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '239 PATENT**

89.     Fresenius repeats and incorporates by reference Paragraphs 1-88 of this Counterclaim as if fully set forth herein.

90.     The claims of the '239 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double patenting.

91.     Fresenius's Notice Letter contains explanations sufficient to show that the claims of the '239 Patent are invalid.

92.     By way of example, and without limitation, each claim of the '239 Patent is invalid under at least 35 U.S.C. § 103 in light of at least LT '487, the Pitressin® Label, Martin, Flynn, Dunser, and/or Russell.

93.     An actual and justiciable controversy exists between Fresenius and Counterclaim-Defendants concerning the invalidity of the '239 Patent.

94.     Fresenius is entitled to a judicial declaration that each and every claim of the '239 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102,

103, or 112, and/or for obviousness-type double patenting.

95.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM XIII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '785 PATENT
## (FRESENIUS'S ANDA NO. 213205)

96.     Fresenius repeats and incorporates by reference Paragraphs 1-95 of this Counterclaim as if fully set forth herein.

97.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '785 Patent.

98.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Multi-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '785 Patent, either literally or under the doctrine of equivalents.

99.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '785 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Multi-Dose ANDA Product would not directly infringe any claim of the '785 Patent, either literally or under the doctrine of equivalents.

100.    Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM XIV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '785 PATENT
## (FRESENIUS'S ANDA NO. 213206)

101.    Fresenius repeats and incorporates by reference Paragraphs 1-100 of this

Counterclaim as if fully set forth herein.

102.    Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '785 Patent.

103.    Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Single-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '785 Patent, either literally or under the doctrine of equivalents.

104.    Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '785 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Single-Dose ANDA Product would not directly infringe any claim of the '785 Patent, either literally or under the doctrine of equivalents.

105.    Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM XV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '785 PATENT

106.    Fresenius repeats and incorporates by reference Paragraphs 1-105 of this Counterclaim as if fully set forth herein.

107.    The claims of the '785 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double patenting.

108.    Fresenius's Notice Letter contains explanations sufficient to show that the claims of the '785 Patent are invalid.

109.    By way of example, and without limitation, each claim of the '785 Patent is

invalid under at least 35 U.S.C. § 103 in light of at least LT '487, and/or the Pitressin® Label.

110.     An actual and justiciable controversy exists between Fresenius and Counterclaim-Defendants concerning the invalidity of the '785 Patent.

111.     Fresenius is entitled to a judicial declaration that each and every claim of the '785 Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double patenting.

112.     Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

**COUNTERCLAIM XVI**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '223 PATENT**
**(FRESENIUS'S ANDA NO. 213205)**

113.     Fresenius repeats and incorporates by reference Paragraphs 1-112 of this Counterclaim as if fully set forth herein.

114.     Fresenius has not directly infringed, induced others to infringe, or contributorily infringed any valid and enforceable claim of the '223 Patent.

115.     Fresenius's manufacture, use, offer for sale, sale or importation of the Fresenius Multi-Dose ANDA Product would not directly infringe any valid and enforceable claim of the '223 Patent, either literally or under the doctrine of equivalents.

116.     Fresenius is entitled to a judgment declaring that Fresenius has not infringed any asserted claim of the '223 Patent, either literally or under the doctrine of equivalents, and that Fresenius's commercial manufacture, use, offer for sale, sale or importation of the Fresenius's Multi-Dose ANDA Product would not directly infringe any claim of the '223 Patent, either literally or under the doctrine of equivalents.

117.     Fresenius is entitled to an award of costs and expenses, including reasonable

32

attorney fees, to be assessed against Plaintiffs in accordance with the provisions of 35 U.S.C.

§ 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM XVII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '223 PATENT

118.    Fresenius repeats and incorporates by reference Paragraphs 1-117 of this

Counterclaim as if fully set forth herein.

119.    The claims of the '223 Patent are invalid for failure to comply with one or more

requirements of 35 U.S.C. §§ 101, 102, 103, or 112, and/or for obviousness-type double

patenting.

120.    Fresenius's Notice Letter contains explanations sufficient to show that the claims

of the '223 Patent are invalid.

121.    By way of example, and without limitation, each claim of the '223 Patent is

invalid under at least 35 U.S.C. § 103 in light of at least the prescribing information for

Vasostrict® from April 2014, September 2014, and/or March 2016, and/or the FDA Information

on Vasostrict® Storage, May 2015.

122.    An actual and justiciable controversy exists between Fresenius and Counterclaim-

Defendants concerning the invalidity of the '223 Patent.

123.    Fresenius is entitled to a judicial declaration that each and every claim of the '223

Patent is invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102,

103, or 112, and/or for obviousness-type double patenting.

124.    Fresenius is entitled to an award of costs and expenses, including reasonable

attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions

of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM XVIII
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '478 PATENT,

**THE '526 PATENT, THE '209 PATENT, THE '239 PATENT, THE '785 PATENT, AND THE '223 BASED ON INEQUITABLE CONDUCT AND UNCLEAN HANDS**

125.    Fresenius repeats and incorporates by reference Paragraphs 1-124 of this Counterclaim as if fully set forth herein.

126.    As Counterclaim-Defendants have alleged and on information and belief, on September 12, 2012, JHP Pharmaceuticals ("JHP") submitted NDA No. 204485 under § 505(b)(2) of the FDCA seeking FDA approval for a vasopressin injection product.  On information and belief, as part of that submission, JHP submitted to the FDA Biopharmaceutics Review comparing the proposed vasopressin injection formulation to an existing vasopressin injection product manufactured by JHP and marketed under the trade name Pitressin® by Parke-Davis.

127.    On information and belief, the formulation of Pitressin® marketed by Parke-Davis contained chlorobutanol, acetic acid, and water for injection, and had a pH of 3.6 as evidenced by the FDA Biopharmaceutics Review.

128.    As Counterclaim-Defendants have alleged and upon information and belief, on February 20, 2014, Par Pharmaceutical Companies, Inc. acquired JHP Pharmaceuticals, LLC.

129.    Plaintiffs, their attorneys, and/or the named inventors of the '478,'526, '209, '239,'785, and '223 Patents never disclosed to the United States Patent and Trademark Office ("PTO") that the prior art Pitressin® product marketed by Plaintiffs' predecessors, Parke-Davis and/or JHP had a pH of 3.6.

130.    Plaintiffs, their attorneys, and/or the named inventors of the '478,'526, '209, '239, '785, and '223 Patents were aware that Pitressin®'s pH was 3.6.  In connection with seeking approval of its VASOSTRICT® product, Plaintiffs submitted to the FDA the Biopharmaceutics Review, which contained the pH of the Pitressin® product. Moreover, Plaintiffs were also aware of the pH of the Pitressin® product because Pitressin® was sold by JHP, Plaintiffs' predecessors in interest.  Plaintiffs, their attorneys, and/or the named inventors of the '478,'526, '209,

'239,'785, '223 Patents had a duty to disclose the prior art marketed Pitressin® product, the Pitressin® product's label, and the Pitressin® product's pH to the PTO.

131.    Plaintiffs' omission was material because Plaintiffs argued throughout prosecution of the Counterclaim Patents-in-Suit that the pH of the claimed formulation was critical to patentability over the prior art.  For example, Plaintiffs sought their first set of claims directed to a pH range of 3.5-4.1, a range that overlapped with the prior art pH of 3.6.  Plaintiffs and their attorneys made statements regarding the criticality of the claimed pH range compared to the prior art range of pH 2.5-4.5 without calling to the attention of the Examiner that Pitressin® had been sold at a pH of 3.6 by their predecessors.  Therefore, Plaintiffs misled the Examiner into allowing the claims.

132.    Rather than alerting the Examiner to the prior art, named inventors Kannan and Kenney submitted declarations that focused on the stability of the formulations in pH ranges and/or acknowledged the criticality of these ranges.  Kannan stated in his declaration at ¶¶ 2, 18: "As I understand, the pending claims are rejected as allegedly being obvious over ... Pharmaceutical Partners of Canada Inc. . . . . As I understand, the claims submitted herewith cover a vasopressin formulation at a pH of 3.5 to 4.1. The claimed pH range of 3.5 to 4.1 reflects the good stability of vasopressin provided at pH 3.5 to 4.1 at both temperatures tested, as shown in Figures 5-6." Moreover, in his declaration at ¶ 15, Vandse stated: "The criticality of pH 3.8 in stabilizing vasopressin, while providing the lowest amount of impurities, is not evident from the disclosures from [the prior art] or Treschan because Treschan does not disclose a pH for vasopressin storage, and [the prior art] provides no guidance for the selection of a specific pH from the disclosed range of pH 2.5-4.5."

133.    The Examiner relied on Plaintiffs' inventor declarations when granting the

Patents-in-Suit, stating, for example, "The declaration [by Kannan]. . . is sufficient to overcome an obviousness rejection over Pharmaceutical Partners of Canada because it establishes the criticality of the claimed pH range of 3.5 to 4.1." *See* '239 File History, Notice of Allowance at 2; *see also* '526 File History, Notice of Allowance at 2.  Therefore, Plaintiffs' omission was material because the Examiner would not have allowed claims at or near those disclosed in the prior art.

134.    The materiality of Plaintiffs' omission of the pH of Pitressin® and the FDA's Biopharmaceutics Review during prosecution of the asserted patents was again demonstrated in a related, but later-filed patent application.  In that related application, Plaintiffs disclosed FDA's Biopharmaceutics Review, after the issuance of the patents-in-suit, only after Eagle Pharmaceuticals, Inc. cited the reference in a Paragraph IV Certification letter. *See* U.S. Appl. No. 15/864597 Pros. Hist., 6/6/2018 IDS at 2; U.S. Appl. No. 15/864593 Pros. Hist., 6/26/2018 IDS at 2.  Based on that disclosure, the Examiner cited the FDA's Biopharmaceutics Review as the basis for obviousness rejections in twelve pending applications related to the patents-in-suit.[1]

135.    The Examiner stated that "the Biopharmaceutics Review [of the Pitressin® product] establishes that the formulation [which was] publicly available prior to September 26, 2012 contains 20 U/mL vasopressin, chlorobutanol, acetic acid, and water, and has a pH of about 3.6." *E.g.*, U.S. Appl. No. 16/044,056 Pros. Hist., September, 18, 2018 Non-Final Rejection at

---

[1] *See* U.S. Appl. No. 16/044,056 Pros. Hist., 9/18/18 Non-Final Rejection at 22-23; U.S. Appl. No. 16/044,062, 9/18/18 Non-Final Rejection at 19-21; U.S. Appl. No. 16/044,075 Pros. Hist., Non-Final Rejection at 19-21; U.S. Appl. No. 16/044,078 Pros. Hist., 9/18/18 Non-Final Rejection at 19-21; U.S. Appl. No. 16/044,082 Pros. Hist., 9/21/18 Non-Final Rejection at 24-25; U.S. Appl. No. 16/044,090 Pros. Hist., 9/21/18 Non-Final Rejection at 23-25; U.S. Appl. No. 16/044,093 Pros. Hist., 9/21/18 Non-Final Rejection at 23-25; U.S. Appl. No. 16/044,1 05 Pros. Hist., 9/19/18 Non-Final Rejection at 31-32; U.S. Appl. No. 16/044,113 Pros. Hist., 9/19/18 Non-Final Rejection at 27-28; U.S. Appl. No. 16/044,117 Pros. Hist., 9/19/18 at 27-29; U.S. Appl. No. 16/044,125 Pros. Hist., 9/19/18 Non-Final Rejection at 28-29.

22-23.

136.    Plaintiffs did not contest the rejections in the twelve pending applications and abandoned the twelve pending applications in view of the Examiner's Non-Final Rejections.

137.    Based on the Plaintiffs' conduct, one may infer that Plaintiffs withheld this material with the intent to mislead the PTO.  For example, in seeking FDA approval of VASOSTRICT®, Plaintiffs compared VASOSTRICT® and Pitressin®.

138.    As a result of Plaintiffs' conduct, the '478,'526, '209, '239,'785, and '223 Patents are unenforceable for inequitable conduct or unclean hands.

139.    Fresenius is entitled to a judicial declaration that each of the claims of the patents-in-suit is unenforceable due to the conduct of Plaintiffs, the named inventors of the patents-in-suit, and/or the prosecuting attorneys of the patents-in-suit for inequitable conduct or unclean hands.

140.    Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## COUNTERCLAIM XIX
## DECLARATORY JUDGMENT OF INVALIDITY AND/OR UNENFORCEABILITY OF THE '239 PATENT BASED ON IMPROPER INVENTORSHIP

141.    Fresenius repeats and incorporates by reference Paragraphs 1-140 of this Counterclaim as if fully set forth herein.

142.    Patent Application No. 14/717,877 was filed on May 20, 2015, and listed Matthew Kenney, Vinayagam Kannan, Sunil Vandse, Suketu Sanghvi, and Serge Illin-Schneider as inventors.  Each of these listed inventors signed a declaration pursuant to 37 CFR § 1.63 indicating that they each believe that they are an original inventor or an original joint inventor of the claimed invention in the application.

143.    On August 14, 2015, Sunil Vandse submitted a declaration under 37 CFR § 1.132 in response to a June 5, 2015 Non-Final Office Action.  In that declaration, Sunil Vandse affirmed that he is an inventor of U.S. Patent Application Serial No. 14/717,877.  The declaration also described experiments relating to the stability of a vasopressin formulation (containing 20 units/mL vasopressin and chlorobutanol, adjusted to pH 3.5 with acetic acid) after storage at 5 °C.  Sunil Vandse declared that the results of the experiments—allegedly showing that the amount of total impurities in vasopressin samples held at 5 °C did not increase above 3% over a 24 month period—revealed that storing the vasopressin formulation between 2 °C and 8 °C surprisingly and unexpectedly resulted in less vasopressin degradation compared to samples stored at higher temperatures.

144.    On November 24, 2015, the applicant submitted a Request for Correction of Inventorship under 37 CFR § 1.48, requesting that the inventorship be amended to delete Sunil Vandse, Suketu Sanghvi, and Serge Illin-Schneider as inventors.

145.    On December 4, 2015, the PTO accepted the applicant's Request for Correction of Inventorship.

146.    The applicant then amended the claims on March 17, 2016 to include the limitation "wherein the unit dosage form [of the claimed vasopressin composition] exhibits less than about 5% degradation after storage at 2-8 °C for about four weeks."  This limitation is the exact subject matter of the August 14, 2015 declaration under 37 CFR § 1.132 submitted by Sunil Vandse, who was no longer named as an inventor of U.S. Patent Application No. 14/717,877 at the time of the March 17, 2016 amendments to the claims.

147.    The '239 Patent eventually issued from Patent Application No. 14/717,877 on August 29, 2017 and names only Matthew Kenney, Vinayagam Kannan as inventors.  The

remaining Counterclaim Patents-in-Suit all name Sunil Vandse and Suketu Sanghvi in addition to Matthew Kenney and Vinayagam Kannan as inventors.

148.    The '239 Patent is subject to a terminal disclaimer with respect to the '478, '526, '209, and '785 Patents.

149.    The '239 Patent fails to properly name at least Sunil Vandse and Suketu Sanghvi as inventors, and is therefore invalid and/or unenforceable.

150.    Fresenius is entitled to a judicial declaration that each of the claims of the '239 Patent is invalid and/or unenforceable due to failure to properly name inventors.

151.    Fresenius is entitled to an award of costs and expenses, including reasonable attorney fees, to be assessed against Counterclaim-Defendants in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable.

## **PRAYER FOR RELIEF**

WHEREFORE, Fresenius respectfully requests that this Court grant the following relief against Counterclaim-Defendants:

A.  Dismissing with prejudice the entirety of Counterclaim-Defendants' Complaint;

B.  Denying all remedies and relief sought by Counterclaim-Defendants in the Complaint;

C.  Declaring that Fresenius has not infringed, and is not infringing, literally or under the doctrine of equivalents, any valid claim of the '478,'526, '209, '239,'785, and '223 Patents;

D.  Declaring that each and every asserted claim of the '478,'526, '209, '239,'785, and '223 Patents is invalid;

E.  Declaring the '478,'526, '209, '239,'785, and '223 Patents unenforceable;

F.  Declaring that the '239 Patent fails to name the correct inventors;

G.  Finding this to be an exceptional case and awarding Fresenius reasonable attorney fees and costs under 35 U.S.C. § 285; and all other applicable statutes and rules in common law that would be appropriate, with pre- and post-judgment interest thereon; and

H.  Granting such other and further relief as this Court may deem just and proper.

Dated:  October 29, 2019

OF COUNSEL:

Daryl L. Wiesen
John T. Bennett
Shaobo Zhu
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02110
dwiesen@goodwinlaw.com
jbennett@goodwinlaw.com
szhu@goodwinlaw.com
(617) 570-1000

YOUNG CONAWAY STARGATT &
TAYLOR LLP

*Anne Shea Gaza*

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com

*Attorneys for Defendant*
*Fresenius Kabi USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Shea Gaza, hereby certify that on October 29, 2019, I caused to be electronically

filed a true and correct copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and downloading

to the following counsel of record:

> Kelly E. Farnan
> Richards, Layton & Finger, P.A.
> 920 N. King St.
> Wilmington, DE 19801
> Farnan@rlf.com
>
> *Attorneys for Plaintiffs Par Pharmaceutical,*
> *Inc., Par Sterile Products, LLC, and*
> *Endo Par Innovation Company, LLC*

Dated:  October 29, 2019                    YOUNG CONAWAY STARGATT
                                            & TAYLOR, LLP

                                            */s/ Anne Shea Gaza*
                                            Anne Shea Gaza (No. 4093)
                                            Robert M. Vrana (No. 5666)
                                            Rodney Square
                                            1000 North King Street
                                            Wilmington, DE 19801
                                            (302) 571-6600
                                            agaza@ycst.com
                                            rvrana@ycst.com

                                            *Attorneys for Defendant*
                                            *Fresenius Kabi USA, LLC*

25490763.1